### PRESTON v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court, D. Massachusetts. December 24, 1895.)

#### No. 386.

1. NEW TRIAL—UNFAIR ARGUMENT—MATTER NOT IN EVIDENCE.

In an action upon a life insurance policy which contained a warranty that the insured would not die by his own act, whether sane or insane, it appeared that the insured came to his death by drowning. Defendant put in evidence a writing found on his person, clearly indicating an intention to commit suicide. Plaintiff's counsel claimed that this paper was written long before insured's death, and that he afterwards recovered from the suicidal impulse. And in his argument to the jury he stated for the first time that the paper itself bore evidence that it was written long prior to the death; and he then produced a magnifying glass, by the aid of which it was claimed there could be read upon the paper the name of a person with whom the insured had sojourned some time before. *Held,* that this name was not in evidence, and, as defendant had no opportunity to offer anything in explanation thereof, the use made of it must be considered as unfair, and a new trial should be granted, although no objection was taken at the time.

2. SAME—PUBLIC POLICY.

A verdict in favor of a party whose conduct was calculated to improperly influence the jury upon a material question should be set aside, and a new trial granted, on the ground of public policy, though such party may not have intended to act improperly.

This was an action by William T. Preston, as administrator of the estate of Arthur U. Preston, deceased, against the Mutual Life Insurance Company of New York, upon a policy of insurance dated June 1, 1892, to recover the sum of $5,000. The defendant relied upon an agreement and warranty upon the part of the insured, Arthur U. Preston, that he would not die by his own act, whether sane or insane, within a period of two years from the date of the policy, and alleged that in violation of said agreement and warranty he died by his own act, by committing suicide within the time specified, namely, by drowning, on the 24th of September, 1893. Upon the body of the insured was found a paper reading as follows, which was put in evidence by defendant: "Goodbye Mother, Minnie. Lizzie & Will, I could not be a burden—God have mercy on my soul. Arthur." The jury returned a verdict for the plaintiff in the sum of $5,260, and defendant has now moved for a new trial.

S. K. Hamilton, for plaintiff.

Reginald Foster, for defendant.

ALDRICH, District Judge. The question whether the writing found in Preston's pocket was written at or near the time of his death, in Greenfield, N. H., was an important and material question upon the trial. The plaintiff could only relieve himself from the consequences necessarily following the natural import of such writing by showing that it was written at an earlier period, and by evidence, circumstantial or otherwise, that the deceased had recovered from the suicidal purpose; and upon this question there was oral and circumstantial evidence tending in the direction of the plaintiff's contention to this effect, and sufficient, probably, to entitle him to go to the jury. The writing in which the deceased expressed his purpose was read in evidence to the jury by plaintiff's counsel, together with the name of Dea. A. N. Hardy, on the back thereof. It was not claimed or suggested until the closing argument that the paper contained further evidence. The defendant might well have relied on what the plaintiff pointed out and called attention to as all that the paper contained. A careful examination, without the aid of a magnifying glass, would not disclose anything further. Counsel for the plaintiff, in his closing argument, for the first time, and in support of his theory that the note was written at an earlier day, stated to the jury, with great force and emphasis, that the paper contained further and unmistakable evidence that it was written weeks before, and while the deceased was at Melrose, in Massachusetts, and, producing a magnifying glass, proceeded to demonstrate that by careful examination under a glass the name of C. W. Whitten (a person with whom the deceased sojourned in Melrose) could be discovered on the paper at the place where the address would naturally appear. The defendant did not object, and the court did not interfere. While I do not say there was intentional wrong or misconduct, I do think that the declaration, the argument, and the production of the magnifying glass, at such a stage of the proceeding, rendered the trial unfair, and that the declaration and argument must be treated as prejudicial to the defendant. The defendant had no opportunity to make an issue, as he well might, whether there was any name there, and, if so, whether it was the name of C. W. Whitten, or in the handwriting of the deceased. He had no opportunity to answer in any way by evidence or argument. It appeared in evidence that the note to the family, and the name of Deacon Hardy, were in the handwriting of the deceased, but there was no evidence as to the character of the writing alleged to have been disclosed by the magnifying glass. It is a familiar rule that counsel must not, in argument, refer to matter not in evidence, to the prejudice of the adverse party, and that failure to observe this rule is just ground for a new trial. The name to which counsel referred was not in evidence, in any proper sense, and the intentional argument thereon must be treated as so far irregular as to entitle the defendant to a new trial. It is no sufficient answer in this case to say that objection should have been made at the time, for it often happens that harm of this character, once done, cannot be cured. The failure to object deprives the de-

fendant of the right of exception, but it does not relieve this court of its obligation to see that the parties have a fair trial. The proprieties of the administration of justice do not countenance a line of conduct which presents one side of a material question to a jury which is to determine such question, and it is plain and unquestionable that a verdict in favor of a party whose conduct was calculated to improperly influence the jury upon a material question should be set aside, and a new trial granted, on the ground of public policy, though the party may not have intended to act improperly. The duty of the court to see that a trial is fair, and that all material questions are fairly presented, is imperative, and the duty to regulate the proper conduct of a trial may be discharged either with or without motion. A case of such palpable unfairness might be presented as to warrant the court in interposing upon its own motion. The motion to set aside the verdict is granted, not upon the ground that there was no evidence upon which the plaintiff could go to the jury, but for the reasons stated. Let the entry be: Verdict set aside.